WEBSTER, Judge.
Appellant (the former husband) seeks review of an order which denied his counter-petition to reduce, suspend or terminate his obligation to pay permanent periodic alimony to appellee (the former wife). He raises two issues: (1) whether the trial court committed reversible error when it denied his counter-petition; and (2) whether the trial court committed reversible error when it refused to grant comity to a New Zealand court decree. We conclude that the trial court misconstrued the provision relating to alimony of the separation and property settlement agreement executed by the parties and, as a result, engaged in an incorrect legal analysis. Accordingly, we reverse.
As to the second issue, the New Zealand decree reflects on its face that the public policy of New Zealand regarding permanent periodic alimony (“spousal maintenance”) is dramatically different from that of Florida. Because of this fact, it is clear that the trial court did not abuse its discretion when it refused to grant comity to the New Zealand decree. See generally Popper v. Popper, 595 So.2d 100 (Fla. 5th DCA), review denied, 602 So.2d 942 (Fla.1992). The first issue, however, presents a more difficult question.
The Florida final judgment which dissolved the parties’ marriage in 1987 incorporated a separation and property settlement agreement (the agreement) which had been executed by the parties earlier. The provision of the agreement relating to permanent periodic alimony reads:
9. PERMANENT ALIMONY: The husband shall pay permanent periodic alimony to the wife, in cash, commencing January 1, 1987, in the sum of $2,150.00 *105 per month, to continue for 36 consecutive months, and, thereafter, to pay her the sum of $2,000.00, in cash, per month, as permanent periodic alimony, to continue until the wife remarries, the wife dies, or the husband dies, whichever first occurs, but expressly subject to modification, as provided by law.
(Emphasis added.)
In 1991, the former wife filed a petition in which she alleged that, since the entry of the final judgment, the former husband’s income had increased, as had her needs. Based upon those alleged substantial changes in circumstances, the former wife requested an increase in the amount of permanent periodic alimony. In his counter-petition requesting that permanent periodic alimony be reduced, suspended or terminated, the former husband alleged that the following substantial changes in circumstances had occurred since the entry of the final judgment: (1) the former wife had moved from Gainesville, Florida (where the parties had resided before the dissolution), to New Zealand; (2) since shortly after her move to New Zealand, the former wife had been residing “with one Anthony Thomas, who provides substantial support to her”; and (8) the former wife was living “with Anthony Thomas in a state that would be recognized as a common-law marriage under the laws of the country of New Zea-land.” Although the former wife admitted that there had been substantial changes in circumstances since the entry of the final judgment, she denied the former husband’s allegations regarding Mr. Thomas.
The trial court held an evidentiary hearing, during which it heard testimony from the parties and others. Following the hearing, the trial court entered an order which denied both parties’ petitions. In that order it found, among other things, that the former wife had “made a voluntary choice to go to New Zealand, develop a relationship and begin cohabitation with Anthony Ross Thomas, with whom she is still cohabiting”; that the former wife had “made thoughtful and deliberate choices [regarding her lifestyle] which are not the responsibility of and should not be required to be funded by additional alimony from the [fjormer [h]usband’; that the former wife’s testimony “that she [was] terminating her relationship with Anthony Ross Thomas [was] not credible, and ... there is insufficient substantial competent evidence that she is, in fact, terminating that relationship”; that the agreement “does not provide for the termination of alimony upon cohabitation”; and that the terms of the agreement “were bargained for by both parties and the [f]ormer [w]ife is entitled to rely on the terms of that [a]greement.” The former wife has not requested review of that portion of the order which denied her petition for additional permanent periodic alimony. Accordingly, we concern ourselves only with that portion of the order which denied the former husband’s counter-petition.
We do not have the benefit of the legal analysis which led the trial court to conclude that the former husband was not entitled to any relief on his counter-petition. However, it appears relatively clear that the trial court relied in reaching its decision upon cases which hold that, when a separation and property settlement agreement provides for payment of periodic alimony but fails expressly to address the effect of unmarried cohabitation by the receiving spouse upon the payor spouse’s obligation to continue to pay that alimony, a court may interpret such silence as precluding reduction or termination of alimony on that ground. E.g., DePoorter v. DePoorter, 509 So.2d 1141 (Fla. 1st DCA 1987). Such a conclusion is consistent with the trial court’s statements that the agreement “does not provide for the termination of alimony upon cohabitation,” and that the agreement’s terms “were bargained for by both parties and the [f]ormer [w]ife is entitled to rely” upon those terms; and with the trial court’s failure to address whether substantial changes in circumstances, sufficient to justify a change in the former husband’s alimony obligation, had occurred since the entry of the final judgment.
Assuming such to have been the basis upon which the trial court reached its conclusion that the former husband was *106 not entitled to any relief, we believe that such an analysis was legally incorrect. In our opinion, the clear effect of the language “but expressly subject to modification, as provided by law,” at the end of the paragraph of the agreement relating to alimony is to render the former husband’s obligation to pay alimony subject to modification according to Florida law, as if the alimony provision were not a part of the agreement. In Florida, the law is to the effect that, in the absence of an agreement, when a payor spouse challenges the receiving spouse’s right to continue to receive periodic alimony because the receiving spouse is cohabiting without the benefit of marriage, the court must determine whether either the new cohabiting partner is providing some support to the receiving spouse, thereby lessening the receiving spouse’s need; or the receiving spouse is diverting some of the support alimony to the new cohabiting partner. If the court finds the answer to either of those questions to be in the affirmative, it must then decide what effect such a fact should have upon the payor spouse’s obligation to continue to pay alimony. Lee v. Lee, 544 So.2d 1083 (Fla. 1st DCA 1989); DePoorter v. DePoorter, 509 So.2d 1141 (Fla. 1st DCA 1987).
We conclude that the trial court misconstrued the legal effect of the last portion of the agreement’s alimony provision and, as a result, engaged in an incorrect legal analysis. Accordingly, we reverse and remand for further proceedings consistent with the decisions in Lee and DePoorter. The trial court may receive such additional evidence as it may deem necessary to permit it to perform that task.
REVERSED and REMANDED, with directions.
JOANOS, C.J., concurs.
ZEHMER, J., concurs with opinion.